UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DEXTEL TERREBONE                                CIVIL ACTION

v.                                              NO. 02-1290

K-SEA TRANSPORTATION CORP.                      SECTION "F"

ORDER AND REASONS

Before the Court are the following motions: (i) defendant K-Sea Transportation Corp.'s Motion to Reopen Litigation and Enter Judgment Confirming Arbitration Award, and for Leave to Deposit Funds into Court Registry; and (ii) plaintiff Dextel Terrebonne's Motion to Set Aside Orders of September 13, 2002 and November 5, 2002.

For the reasons that follow, the defendant's motion is GRANTED and the plaintiff's motion is DENIED.

**Background**

On November 3, 2000, the plaintiff was injured while working as a crewmember for the defendant. A few months later, on March 12, 2001, the plaintiff and defendant reached a partial settlement in which the plaintiff settled his claims from the date of the accident until the date of the settlement. In that agreement, the plaintiff reserved his right to seek recovery for future damages by

1

arbitrating any such claims. Shortly thereafter, the plaintiff reported a recurrence of his prior injury. On May 1, 2001, the plaintiff sued the defendant for negligence.

On September 13, 2002, this Court granted the defendant's motion to compel arbitration. In so doing, the Court rejected the plaintiff's arguments that Section 1 of the Federal Arbitration Act (and Section 5 of the Federal Employers Liability Act) precluded arbitration of his claim because it arose out of a seaman's employment contract. Indeed, the Court noted that the plaintiff's assertions "border on the frivolous."[1]

On October 11, 2002, the plaintiff asked the Court to reconsider its September 2002 ruling compelling arbitration of plaintiff's claims. The motion was denied on November 5, 2002 because the plaintiff asserted the same unpersuasive arguments and because there had been no clarification of issues or new arguments.

The case was stayed pending arbitration and then administratively closed. On June 18, 2003, the arbitration began. Both parties made various submissions, attended a 2-day evidentiary hearing in October 2004, and submitted post-hearing briefs. On June 27, 2005, the arbitral panel issued its award, denying all of the plaintiff's claims, but awarding the plaintiff $9,132.00 in

---

[1] The Court's September 13, 2002 Order determined that the cases cited by the plaintiff in support of his arguments are distinguishable from the facts of his case, as they do not apply to post-injury release settlements, only injuries arising out of seaman's employment contracts.

arbitration costs.

The defendant now moves this Court for a judgment confirming the June 27, 2005 arbitration award and dismissing the plaintiff's claims against it with prejudice. The defendant also notes that it has attempted to tender the $9,132 in arbitration costs to the plaintiff, who has refused to accept it. Thus, the defendant also seeks leave to deposit the $9,132 into the Court's registry to satisfy the arbitration cost award.

The plaintiff opposes the defendant's motion and moves this Court – yet again – to reconsider its decision compelling arbitration (and its decision denying reconsideration). Yet again, this Court finds the plaintiff's contentions to be meritless.

I.

Any party to the arbitration may apply to the court specified in their agreement for an order confirming the award at any time within one year after the award is made. 9 U.S.C. § 9. Unless the award is vacated, modified, or corrected pursuant to sections 10 and 11 of Title 9 of the United States Code, the court must grant an order confirming the award. Id. The party applying to the court for an order confirming an arbitration award must also file: (a) the arbitration agreement; (b) the award; and (c) each notice, affidavit, or other paper used upon an application to confirm. 9 U.S.C. § 13.

II.

In their partial settlement and release agreement executed on

March 12, 2001, the plaintiff and defendant agreed that "any United States District Court shall have the jurisdiction to ... enter judgment on the [arbitration] award ...."  On August 5, 2005, the defendant filed the present motion to confirm the arbitration award, which was entered on June 27, 2005 and awarded $9,132.00 in costs to the plaintiff.  Given that none of the limited bases for vacating, modifying, or amending the award are present (or even asserted) and given that the defendant timely filed the requisite papers accompanying its motion, the Court must confirm the arbitration award.

### III.

The plaintiff opposes the defendant's motion to confirm the arbitration award, but does not assert any of the statutory grounds for vacating, amending, or modifying the award.  Instead, the plaintiff persists in challenging, pursuant to Federal Rule of Civil Procedure 60(b),[2] this Court's order compelling arbitration -- asserting the same arguments that this Court has taken to be borderline frivolous twice before.  The Court agrees with the defendant that "[i]n the nearly three years since this Court first

---

[2] Rule 60(b)(4) through (6) -- the only bases for 60(b) relief when sought more than one year after the challenged order was entered -- provides for relief from judgment when any one of the following conditions are present:
> (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

rejected [the plaintiff's] arguments, nothing has changed that would warrant reconsideration of the Court's prior decisions compelling plaintiff to arbitrate his claims against [the defendant]." Because the plaintiff has failed to show that he is entitled to relief under Rule 60(b), the motion to set aside this Court's September and November 2002 orders is without merit.

Accordingly, the defendant's Motion to Reopen Litigation and Enter Judgment Confirming Arbitration Award is GRANTED.[3] The plaintiff's Motion to Set Aside Orders of September 13, 2002 and November 5, 2002 is DENIED. The plaintiff's claims against the defendant are hereby dismissed, with prejudice.

New Orleans, Louisiana, December 15, 2005

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] However, the defendant's request for leave to deposit funds into the Court registry is DENIED, without prejudice, to be considered on a motion filed in compliance with the Local Rules.